SHARP, WINIFRED, J., Associate Judge.
Jackson appeals from the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850.. He was convicted of four counts of sexual battery,[1] one count of kidnapping,[2] and one count of aggravated battery.[3] He appealed and his convictions and sentences were affirmed. See Jackson v. State, 567 So.2d 438 (Fla. 2d DCA 1990). In 1993, he filed a prior motion pursuant to Florida Rule of Criminal Procedure 3.850, which after an evidentiary hearing, was denied. On appeal, the denial was affirmed. See *322 Jackson v. State, 653 So.2d 1037 (Fla. 2d DCA 1995).
We affirm for two reasons:
1) Jackson’s convictions and sentences were affirmed in 1990, and became final after an appeal. Pursuant to rule 3.850(b), he had only two years from that date in which to file a motion, absent various exceptions which are not alleged in this cause. Thus his motion is untimely.
2) Jackson’s motion is also improper because it is successive. See Jones v. State, 591 So.2d 911 (Fla.1991). In his initial rule 3.850 motion, Jackson asserted his trial counsel was ineffective because he failed to object when the trial court neglected to administer the jury oath to the prospective jurors. The trial court rejected this claim on procedural and substantive grounds, and the denial order was affirmed.
We reject Jackson’s argument that this issue should be reconsidered in light of Fernandez v. State, 758 So.2d 1199 (Fla. 4th DCA 2000), which holds that a defendant’s rule 3.850 claim that his trial counsel was ineffective because he did not object when the trial court faded to place prospective jurors under oath, was legally sufficient. A retroactive change in the law must be announced by the Florida Supreme Court or the United States Supreme Court to warrant post-conviction relief, not a sister intermediate court of appeal. See Witt v. State, 387 So.2d 922 (Fla.1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Card v. Dugger, 512 So.2d 829 (Fla.1987).
The balance of Jackson’s arguments lack merit or constitute claims which should have been raised on direct appeal or in the prior rule 3.850 motion.
AFFIRMED.
PALMER, WILLIAM D., Associate Judge, and HARRIS, CHARLES C., Senior Associate Judge, concur.

. § 794.011(3), Fla. Stat.

. § 787.01(l)(a)(3), Fla. Stat.

.§ 784.045, Fla. Stat.