920 So.2d 1213 (2006)
Telly HOLLINGER, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D05-4238.
District Court of Appeal of Florida, First District.
February 17, 2006.
Charles E. Hobbs, II, Tallahassee, for petitioner.
Charlie Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Telly Hollinger appealed his judgment and sentence in Leon County case number 2003 CF 1877 in this court's case number 1D04-3372. That appeal was dismissed for counsel's failure to comply with the Florida Rules of Appellate Procedure and the orders of this court. Hollinger v. State, 890 So.2d 501 (Fla. 1st DCA 2004). A belated appeal is now sought on behalf of Hollinger and it is argued that the appellant should not be deprived of the right of review due to counsel's shortcomings in the original appeal. The state expresses no objection in the circumstances.
We therefore grant the petition and afford Hollinger a belated appeal from judgment and sentence in Leon County case number 2003 CF 1877. Because mandate has issued in case number 1D04-3372, that case cannot be reinstated. Instead, it will be necessary to commence a new appellate proceeding. A copy of this opinion will be furnished to the clerk of the lower tribunal upon issuance of mandate, who shall treat it as a notice of appeal. Fla. R.App. P. 9.141(c)(5)(D).
Finally, we take this opportunity to clarify a jurisdictional concern. Judgment and sentence were entered on June 21, 2004, and the state moved to correct the sentence on July 2, 2004. The motion was granted and the sentence was amended on July 12, 2004. The notice of appeal was filed on July 21, 2004. Although the state's motion purported to be made under Florida Rule of Criminal Procedure 3.800(a), that rule subdivision provides that such a motion may not be filed during the time allowed for filing of a motion under Rule 3.800(b)(1), which permits a motion to be filed before the filing of the notice of *1214 appeal. Thus, the state's motion was authorized by Rule 3.800(b)(1) and it postponed rendition of the judgment and sentence in accordance with Florida Rule of Appellate Procedure 9.020(h). In short, while the parties and the lower tribunal have been treating the case as one for appeal of the order granting the state's motion, we find that it is the judgment and sentence which are appealed. The order of July 12, 2004, is, of course, reviewable in that appeal. Therefore, the new appellate proceeding shall be so designated.
PETITION GRANTED.
WEBSTER, POLSTON and HAWKES, JJ., concur.