944 So.2d 501 (2006)
William L. SHELTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-2619.
District Court of Appeal of Florida, Fifth District.
December 15, 2006.
*502 William Shelton, Jasper, pro se.
No Appearance for Respondent.

ON PETITION FOR REHEARING
LAWSON, J.
William L. Shelton has filed a petition seeking rehearing regarding our opinion filed on September 15, 2006. We grant the petition and substitute the following opinion in its place.
Shelton petitions this court requesting a belated appeal claiming that, after his Florida Rule of Criminal Procedure 3.800(b) motion was denied by the trial court, he was not advised of his right to file an appeal from the ruling. In his petition, Shelton asserts that he did not appeal from his original judgment and sentence, entered on March 3, 2003. The petition further states that Shelton's defense counsel filed the rule 3.800(b) motion "on or about the 10th of June, 2003," and that the trial court denied the motion at some point thereafter.
Although it is true that a trial court's denial of a rule 3.800(b) motion is generally subject to appeal, the rule contemplates that appellate review of the denial order occurs within the confines of the direct appeal of the sentence. See Fla. R.Crim. P. 3.800(b) (explaining in subsection (1) the procedure as it relates to a motion filed before appeal of the defendant's sentence, and in subsection (2) the procedure as it relates to a motion filed pending appeal of the defendant's sentence); see also Hollinger v. State, 920 So.2d 1213 (Fla. 1st DCA 2006) (noting that the appeal of the petitioner's judgment and sentence also provides the appellate court with jurisdiction to review the trial court's order granting the state's rule 3.800(b)(1) motion). Furthermore, rule 3.800(b)(1) states that a motion to correct a sentencing error must be filed within the time period for filing a notice of appeal of the defendant's sentence. Thus, where 30 days have passed from the entry of the original sentence without the filing of either a rule 3.800(b)(1) motion or a notice of appeal, the trial court lacks jurisdiction to rule on a subsequently filed rule 3.800(b)(1) motion.
According to the combined allegations in Shelton's petition for belated appeal and his motion for rehearing, Shelton contends that his attorney filed the rule 3.800(b) motion "on or about the 10th of June, 2003," which is more than 30 days after Shelton's March 3, 2003, sentencing hearing. Furthermore, Shelton acknowledges that he did not file a notice of appeal after his sentence was imposed, but before the filing of the instant rule 3.800(b) motion. Therefore, the trial court never possessed jurisdiction to rule on Shelton's rule 3.800(b) motion. As such, no belated appeal from the denial of his motion is warranted.
PETITION DENIED.
GRIFFIN and PALMER, JJ., concur.