PER CURIAM.
Angelo Atwell appeals the denial of his motion for postconviction relief. The motion was not under oath as required by rule 3.850(c), but the motion alleged an illegal sentence and also sought relief under rule 3.800(a). Because appellant is not entitled to relief under either rule, we affirm.
In this case, appellant was convicted in 1992 of first degree murder and armed robbery. He was sixteen years old at the time of the offenses. The court sentenced him to life in prison on both counts. Pursuant to section 775.082(1), Florida Statutes (1989), appellant’s conviction for the capital offense of first degree murder required that the court impose a sentence of life imprisonment without the possibility of parole for 25 years.[1] The court imposed a consecutive life sentence for the armed robbery in count two.
In February, 2013, long after the convictions and sentences became final on direct review,[2] appellant filed the postconviction motion at issue. He argued that his life sentence for the murder constituted cruel and unusual punishment under Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The trial court determined that the motion was without merit for three reasons: (1) the motion was not under oath and did not contain the information required by rule 3.850(c); (2) the motion was untimely and Miller did *169 not apply retroactively; and (3) the sentence on count one was not unconstitutional under Miller because appellant was eligible for parole.
Even if his motion had been filed under oath and had complied with the content requirements of rule 3.850(c), appellant would not be entitled to relief. As explained below, he did not establish an illegal sentence that can be corrected at any time under rule 3.800(a).
Without deciding the issue of whether Miller applies retroactively, we conclude that Miller is inapplicable because Miller applies only to a mandatory sentence of life without the possibility of parole. The holding of Miller could not be more clear: “We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” 132 S.Ct. at 2469. In reaching this holding, the Court relied on its prior decision in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), where it held that a sentence of life without the possibility of parole is unconstitutional when imposed on a juvenile for a non-homicide offense. In announcing the holding in Miller, the Court quoted portions of Graham which state: “ ‘A State is not required to guarantee eventual freedom,’ but must provide ‘some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.’ ” Miller, 132 S.Ct. at 2469 (quoting Graham, 130 S.Ct. at 2030). It is clear that the underpinning of the holding of both Miller and Graham was the ineligibility for release on parole.
Appellant was not sentenced to life without the possibility of parole for his murder conviction. The sentencing scheme in place at the time of appellant’s offense did not require a mandatory sentence of life without parole for the murder. Miller is inapplicable, and appellant would not be entitled to relief even if Miller applies retroactively.
In his Initial Brief on appeal, appellant presents a new claim that he did not argue below. He claims that he was sentenced to life without the possibility of parole on the armed robbery count, and this violates Graham. It is improper for appellant’s counsel to argue this unpreserved legal issue for the first time in this appeal. We will not address it.

Affirmed.

GROSS, CIKLIN and LEVINE, JJ., concur.

. The statute in effect at the time appellant committed his offenses on August 30, 1990, provided in relevant part:
"A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole ...
§ 775.082(1), Fla. Stat. (1989).

. This court affirmed on direct appeal in At-well v. State, 614 So.2d 1104 (Fla. 4th DCA 1993).