ALTENBERND, Judge.
Ira D. McPherson appeals the postcon-viction court’s order summarily denying his motion seeking resentencing for a felony murder that occurred in 1994. He claims that his sentence to life imprisonment with parole eligibility after twenty-five years is cruel and unusual because he was sixteen at the time of the offense and was merely a principal to a felony murder.
The standard two-year period authorized for the filing of a postconviction motion in Mr. McPherson’s case expired many years ago. Mr. McPherson claims that he can file an untimely motion because his claim is supported by a recent change in law that amounts to a newly established “fundamental constitutional right.” See Fla. R. Crim. P. 8.850(b)(2). He relies primarily on the United States Supreme Court decisions in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller v. Alabama, — U.S.—, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
The decisions in Graham and Miller do not involve life sentences with parole eligibility after a term of years. See Atwell v. State, 128 So.3d 167, 169 (Fla. 4th DCA 2013) (holding Miller does not affect a sentence of life imprisonment with parole eligibility after twenty-five years); Lewis v. State, 118 So.3d 291 (Fla. 3d DCA 2013) (declining to apply Graham to a comparable sentence in a postconviction proceeding). Neither the Florida Supreme Court nor the United States Supreme Court has announced new law directed to a sentence like Mr. McPherson’s. Accordingly, we conclude that the motion was untimely and without legal basis. See Jackson v. State, 849 So.2d 321, 322 (Fla. 2d DCA 2003) (“A retroactive change in the law must be announced by the Florida Supreme Court or the United States Supreme Court to warrant post-conviction relief, not a sister intermediate court of appeal.”). Cf La-Fountain v. State, 83 So.3d 881 (Fla. 2d DCA 2012) (refusing postconviction relief for a juvenile’s sentence of life without the possibility of parole for felony murder pri- or to the decision in Miller).
Affirmed.
CASANUEVA and SLEET, JJ„ Concur.