NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

IRA DEMETRIUS McPHERSON,            )
                                   )
            Appellant,             )
                                   )
v.                                 )            Case No. 2D13-3018
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed December 23, 2015.

Appeal from the Circuit Court for
Hillsborough County; Ronald Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jessica Stephans,
Assistant Attorney General, Tampa, for
Appellee.

WALLACE, Judge.

Ira Demetrius McPherson challenges the new sentence imposed on him

after the trial court vacated his life sentence and resentenced him under Graham v.

Florida, 560 U.S. 48 (2010). Mr. McPherson's sole argument on appeal is that the trial

court erred in imposing an upward departure sentence without providing oral or written

reasons for the upward departure. Because the record demonstrates that the trial court adopted the written reasons for departure stated on the guidelines scoresheet that was prepared for the initial sentencing proceeding, we affirm.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 1994, Mr. McPherson was convicted of robbery with a firearm as a principal in violation of section 812.13(2)(a), Florida Statutes (1993). The offense occurred on January 29, 1994. Notably, the jury found that Mr. McPherson's codefendant possessed the firearm, not Mr. McPherson. However, as a principal to the crime of robbery with a firearm, Mr. McPherson was subject to sentencing for that crime, which is a first-degree felony punishable by a term of years not exceeding life imprisonment. See § 812.13(2)(a); Poiteer v. State, 627 So. 2d 526, 527 (Fla. 2d DCA 1993) ("[A] defendant may be convicted of robbery with a firearm based on vicarious or constructive possession of the gun (e.g., if it is carried by an accomplice) . . . ." (citing Earnest v. State, 351 So. 2d 957 (Fla. 1977)).

The trial court imposed a life sentence on Mr. McPherson. Under the 1994 sentencing guidelines, this was a departure sentence. Mr. McPherson's sentencing guidelines scoresheet included a preprinted list of aggravating reasons for departure. The original sentencing court checked two of these reasons as being applicable to Mr. McPherson, as follows: (1) "Defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8)" and (2) "Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offense [sic] that scored, or would have scored, at an offense level 8 or higher." The trial court and counsel reviewed

these reasons for departure at Mr. McPherson's original sentencing hearing in 1994. This court affirmed Mr. McPherson's judgment and sentence in a per curiam opinion. McPherson v. State, 686 So. 2d 591 (Fla. 2d DCA 1996) (table decision).

Many years later, Mr. McPherson filed a motion for postconviction relief in which he challenged his life sentence under Graham. On October 2, 2012, the postconviction court granted Mr. McPherson's motion for postconviction relief, vacated his life sentence, and transferred the matter to the criminal division of the circuit court for resentencing. On April 26, 2013, the circuit court conducted a lengthy resentencing hearing at which Mr. McPherson presented mitigating evidence about his difficult childhood and the significant steps toward his rehabilitation that he had accomplished while serving almost twenty years in prison. The State presented the testimony of the victim of the armed robbery. At the conclusion of the hearing, the circuit court sentenced Mr. McPherson to thirty years' prison, consecutive to his life sentence in case number 94-CF-1450.[1]

Thereafter, Mr. McPherson filed a Motion for Rehearing to Correct an Illegal Sentence on May 1, 2013, arguing that his thirty-year sentence on the underlying robbery offense constituted an illegal upward departure from the guidelines sentencing

---

[1]In case number 94-CF-1450, Mr. McPherson had been sentenced to life in prison for a felony murder. He also filed a motion for postconviction relief seeking resentencing in that case. The postconviction court denied his motion, and this court affirmed the order denying relief. McPherson v. State, 138 So. 3d 1201, 1202 (Fla. 2d DCA 2014). Mr. McPherson will apparently be eligible for parole on his life sentence for felony murder after he serves twenty-five years. Id. In our prior opinion, we noted that Graham and Miller v. Alabama, 132 S. Ct. 2455 (2012), did "not involve life sentences with parole eligibility after a term of years" and thus did not announce "new law directed to a sentence like Mr. McPherson's." McPherson, 138 So. 3d at 1202. Accordingly, we concluded that Mr. McPherson's motion for resentencing, which was filed more than two years after his sentence became final, was untimely. Id.

range that was not supported by written reasons for departure as required by law. He also argued that the circuit court erred in sentencing him for the offense of robbery with a firearm because the jury found that he did not, in fact, possess a firearm. After a hearing held on May 7, 2013, the circuit court orally denied the motion at a hearing on June 3, 2013, and entered a written order. The written order stated that "[a]fter reviewing Defendant's Motion, the court file, and record, the Court finds no reason to reconsider the sentence imposed on April 26, 2013." Mr. McPherson filed a notice of appeal from the circuit court's April 26, 2013, Order Denying "Defendant's Motion for Rehearing to Correct an Illegal Sentence."

On July 23, 2014, after filing his notice of appeal from the circuit court's order, Mr. McPherson filed a Motion to Correct Sentencing Error. In that motion, Mr. McPherson's counsel argued that no new sentencing guideline scoresheet had been prepared and that Mr. McPherson was entitled to have a new scoresheet upon resentencing. Counsel requested that Mr. McPherson be resentenced with a new scoresheet. On August 11, 2014, the circuit court entered an order denying Mr. McPherson's motion without hearing. On appeal, Mr. McPherson does not make any argument about the denial of his July 23, 2014, motion. Thus we do not address that issue.

## II. DISCUSSION

We observe initially that although Mr. McPherson indicated on his notice of appeal that he was appealing an order denying relief under Florida Rule of Criminal Procedure 3.800(a), his Motion for Rehearing to Correct Illegal Sentence was properly considered under rule 3.800(b)(1) because the motion was filed before the notice of

appeal and had the effect of staying rendition of Mr. McPherson's new sentence. See Hollinger v. State, 920 So. 2d 1213, 1213-14 (Fla. 1st DCA 2006). In addition, although Mr. McPherson states in the notice of appeal that he is appealing an order denying relief under rule 3.800(a), he cited to rule 3.800(b) in his motion. Accordingly, we treat this appeal as a direct appeal from Mr. McPherson's amended judgment and sentence following resentencing. See Hollinger, 920 So. 2d at 1214.

On appeal, Mr. McPherson argues that the circuit court erred in imposing an upward departure sentence under the 1994 sentencing guidelines without providing valid oral or written reasons for departure. He requests that his sentence be reversed and that this case be remanded for resentencing within the guidelines.

Mr. McPherson and the State agree that because Mr. McPherson's offense occurred on January 29, 1994, he was subject to resentencing under the 1994 sentencing guidelines. See § 775.082(8)(b), Fla. Stat. (2013) ("The 1994 sentencing guidelines, that were effective January 1, 1994, and any revisions thereto, apply to all felonies, except capital felonies, committed on or after January 1, 1994, and before October 1, 1995."); see also § 921.001(4)(b)(2), Fla. Stat. (1997) ("The 1994 guidelines apply to sentencing for all felonies, except capital felonies, committed on or after January 1, 1994."). Under his 1994 sentencing guidelines scoresheet, Mr. McPherson's presumptive sentence was 87.8 months' prison (7.32 years), with a minimum sentence of 65.85 months (5.5 years) and a maximum sentence of 109.75 months (9.15 years). Further, Mr. McPherson correctly points out that "[s]entences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings."

§ 921.001(5); Fla. R. Crim. P. 3.702(d)(18)(A); see also Jenigen v. State, 801 So. 2d 156, 157 (Fla. 2d DCA 2001) (citing Pope v. State, 561 So. 2d 554 (Fla. 1990)) (reversing and remanding for resentencing "[b]ecause the sentences imposed in this case amounted to departure sentences without written reasons").

However, after reviewing the record, we agree with the State that the circuit court imposed a departure sentence based upon the written reasons for departure that were recorded on Mr. McPherson's scoresheet. At Mr. McPherson's original sentencing proceeding, the trial court checked two of the preprinted reasons for an upward departure on the scoresheet as being applicable to Mr. McPherson. These reasons were: (1) "Defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8)" and (2) "Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offense [sic] that scored, or would have scored, at an offense level 8 or higher." Florida Rule of Criminal Procedure 3.702(d)(18)(A) provides that "[t]he sentencing judge may . . . list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet." Mr. McPherson's written guidelines scoresheet, identifying the above-noted reasons for departure, was signed by the original sentencing judge.

Moreover, our review of the record suggests that the circuit court reviewed and relied upon these written reasons for departure when imposing Mr. McPherson's departure sentence upon resentencing. First, at the beginning of the resentencing hearing, the judge announced as follows:

> I am the successor Judge in this case so I want to
> place on the record that I have had an opportunity to review

> the case files and I have had an opportunity to review
> <u>transcripts</u>. I have had the opportunity to review a great
> letter written to me by Mr. McPherson. Ms. James [defense
> counsel], along with your resentencing memorandum and
> other documents you have filed as well.
>
> So, <u>I have familiarized myself completely with the file
> and I am ready to proceed</u>.

(Emphasis added.) Thus we may infer that the judge read the transcript of Mr.

McPherson's original sentencing hearing and his original scoresheet.

Furthermore, both Mr. McPherson's counsel and the prosecutor

acknowledged and discussed at the resentencing hearing that the underlying offense

was part of a crime spree or series of crimes that escalated to an armed robbery with a

murder. They also discussed Mr. McPherson's conviction for felony murder in case

number 94-CF-1450. The prosecutor argued,

> This was a spree that lasted approximately 20 days that did
> escalate. Started with the armed robberies and ultimately
> ended on February 1st with a murder being committed in the
> presence of the defendant.
>
> Based on that I think the Court should look at his prior
> history and should still impose a lengthy prison sentence.

The resentencing court also observed that the subject offense was part of an escalating

crime spree.

> MS. JAMES [defense counsel]: . . . I knew that the State was
> going to argue crime spree. We all knew that because—
>
> THE COURT: Because that's what the facts of the case
> were. . . .

Thus, the record suggests that the resentencing judge considered the aggravating

reason for departure that "Defendant is not amenable to rehabilitation or supervision, as

evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8),"
which was listed on Mr. McPherson's scoresheet.

The resentencing court also noted the sentencing alternatives at Mr.
McPherson's original sentencing as follows:

> THE COURT: And my understanding of the law at that time was with a capital offense the guidelines don't apply, you can exceed the guidelines?
>
> MS. BELL [the prosecutor]: I believe that's correct. I was not doing this at that time but from looking back I know that was part of the discussion.
>
> THE COURT: That's my recollection.
>
> MS. BELL: <u>He had a level eight offense so therefore, that is what allowed the Judge at the time to give him life</u>.
>
> THE COURT: <u>Okay</u>.

(Emphasis added.) Thus, the circuit court recognized that the original sentence exceeded the guideline sentence, as opposed to the statutory maximum. In addition, the parties' discussion suggested their awareness of the original sentencing court's application of the aggravating factor that Mr. McPherson's "Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offense [sic] that scored, or would have scored, at an offense level 8 or higher."

The State argued that in resentencing Mr. McPherson, the court should consider "what was going on in 1994." And our review of the transcript of the resentencing hearing suggests that although the court and the parties did not specifically reference the reasons for an upward departure from the guidelines, the parties discussed the existence of the facts supporting those reasons and the resentencing judge was aware that he was imposing a departure sentence.

- 8 -

The resentencing judge also apparently weighed Mr. McPherson's prior escalating criminal conduct against the facts that he was young at the time of the offense and that he had subsequently accomplished much while in prison. The resentencing judge stated, "I'm kind of torn here because I see two Mr. McPherson's here. There is a 16 year-old child that, yeah, it was a crime spree and it was a bad one." But the judge also noted:

> And I am certainly very impressed with your growth. Not only, you know, the vocational and all these impressive certificates you have gotten, but with your growth as a man, with your growth as a human being, with your growth as a person. Your growth with your faith, your spirituality, all very, very impressive.

In addition, the resentencing court reviewed and relied upon the original sentencing scoresheet from 1994. At the beginning of the parties' arguments at the resentencing hearing, the judge asked about the scoresheet and took a recess for the prosecutor to locate the scoresheet upon which the original sentencing court had relied during Mr. McPherson's sentencing.

The resentencing judge agreed with the original imposition of a life sentence (which was an upward departure sentence) stating, "Quite frankly, had I been the Judge back in 1994 I would have thrown the book at you too. I would have buried you in prison for as long as I possibly could." Then in imposing Mr. McPherson's new sentence, the resentencing judge stated as follows:

> <u>I have had an opportunity to review the sentencing guideline [scoresheet]. I have reviewed, as I indicated earlier, the case file, the facts of the case, transcripts from the case to familiarize myself with the case</u>.
>
> Again, focusing on this case and this case only, the only case I have before me, it was a very, very serious crime

> that you did commit. And although the jury found you not to be in possession of the firearm and that your codefendant was certainly the most culpable of the group, it is still a serious crime and one that you still must be punished for.

(Emphasis added.)

### III. CONCLUSION

Our review of the record demonstrates that the resentencing judge was aware that Mr. McPherson had previously received a departure sentence and that the judge was imposing a departure sentence. The resentencing judge stated that he had reviewed the file and transcripts, and thus it appears that he reviewed the prior sentencing hearing and Mr. McPherson's scoresheet, which included written reasons for departure. Even though the reasons for departure were not specifically articulated by the circuit court at Mr. McPherson's resentencing hearing, the court's comments show that it adopted the reasons that were previously included on Mr. McPherson's guidelines scoresheet. Accordingly, although the circuit court did not expressly state that it was imposing a departure sentence based on the written reasons for departure listed on Mr. McPherson's scoresheet, we affirm his upward departure sentence.

Affirmed.


KHOUZAM and SALARIO, JJ., Concur.

- 10 -