NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

IRVIN LANDY,                                    )
                                               )
            Appellant,                          )
                                               )
v.                                              )        Case No. 2D15-4827
                                               )
STATE OF FLORIDA,                               )
                                               )
            Appellee.                           )
_____)

Opinion filed November 16, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court
for Polk County; Reinaldo Ojeda, Judge.

Andrea M. Norgard of Norgard, Norgard &
Chastang, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

        Irvin Landy appeals from the order denying his motion to correct illegal

sentence filed under Florida Rule of Criminal Procedure 3.800(a).  We reverse and

remand for resentencing.

In 1992 a jury found Mr. Landy guilty of first-degree murder.  At the time of the offense, Mr. Landy was seventeen years old.  The trial court sentenced him to life imprisonment with parole eligibility after twenty-five years.

In his motion to correct illegal sentence, Mr. Landy sought relief under Miller v. Alabama, 132 S. Ct. 2455 (2012).  He claimed that because he was a juvenile when the offense was committed, he was entitled to a resentencing hearing pursuant to chapter 2014-220, Laws of Florida.  See Horsley v. State, 160 So. 3d 393, 405-06 (Fla. 2015) (holding that the remedy for an unconstitutional sentence under Miller is resentencing under chapter 2014-220, Laws of Florida).  The postconviction court denied Mr. Landy's motion based upon then-existing case law.  See, e.g., McPherson v. State, 138 So. 3d 1201, 1202 (Fla. 2d DCA 2014) (stating that Miller was inapplicable because McPherson was sentenced to life in prison with parole eligibility after twenty-five years); Atwell v. State, 128 So. 3d 167, 169 (Fla. 4th DCA 2013) (holding that Miller was inapplicable to a life sentence with parole eligibility after twenty-five years).

While this appeal was pending, the Florida Supreme Court quashed the Fourth District's Atwell decision.  See Atwell v. State, 197 So. 3d 1040, 1041 (Fla. 2016).  The court concluded that "Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by Miller, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional." Id. at 1041.  The court held that juveniles sentenced to life with the possibility of parole are entitled to resentencing in conformance with chapter 2014-220, Laws of Florida.  Id. at 1050 (citing Horsley, 160 So. 3d at 399).  The supreme court also quashed this

court's decision in <u>McPherson</u>. <u>See</u> <u>McPherson v. State</u>, No. SC14-1369 (Fla. Oct. 28, 2016) (remanding for resentencing in conformance with sections 775.082, 921.1401, and 921.1402 of the Florida Statutes).

Accordingly, we reverse the order denying Mr. Landy's motion and remand for resentencing in conformance with chapter 2014-220, which was codified in sections 775.082, 921.1401, and 921.1402.

Reversed and remanded.

KELLY, MORRIS, and BLACK, JJ., Concur.