NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| RICKY HIXON, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )     Case No. 2D15-5122 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Opinion filed November 18, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Joseph C. Fuller, Judge.

Ricky Hixon, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lisa Martin,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

Ricky Hixon appeals the order summarily denying his motion filed under

Florida Rule of Criminal Procedure 3.850(b)(2) (providing an exception to the two-year

time limit for newly-established constitutional rights that have been held to apply

retroactively).  We reverse and remand for resentencing.

In his rule 3.850(b)(2) motion, Hixon argued that his life sentence with the possibility of parole after twenty-five years for a first-degree murder committed when he was a juvenile was unconstitutional under the United States Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455 (2012), and Florida cases interpreting Miller. See Falcon v. State, 162 So. 3d 954 (Fla. 2015); Horsley v. State, 160 So. 3d 393 (Fla. 2015). He asserted that he was entitled to a new sentencing hearing that would address his individualized sentencing considerations in conformance with chapter 2014-220, Laws of Florida. See §§ 921.1401, .1402, Fla. Stat. (2014) (creating a scheme in which a juvenile receives individualized considerations at the time of sentencing that can be reviewed later by the trial court).

The postconviction court summarily denied Hixon's motion because then-existing case law held that juveniles who were sentenced to life imprisonment with the possibility of parole were actually provided with a meaningful opportunity for release. See McPherson v. State, 138 So. 3d 1201, 1202 (Fla. 2d DCA 2014) (citing Atwell v. State, 128 So. 3d 167, 169 (Fla. 4th DCA 2013), for the proposition that Miller does not apply to life sentences with parole eligibility)).

The Florida Supreme Court recently addressed this issue when it quashed the Fourth District's Atwell decision. See Atwell v. State, 197 So. 3d 1040, 1040 (Fla. 2016). The supreme court concluded that "Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by Miller, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional." Id. at 1041. Ultimately, the court held that juveniles sentenced to life with the possibility

2

of parole are entitled to resentencing pursuant to sections 921.1401 and 921.1402. Id. at 1050 (citing Horsley, 160 So. 3d at 399).

In accordance with the supreme court's Atwell decision, Hixon is entitled to resentencing in conformance with chapter 2014-220, Laws of Florida, even though he was originally sentenced to life in prison with the possibility of parole. Accordingly, we reverse the order denying Hixon's postconviction motion and remand for resentencing.

Reversed and remanded.

SILBERMAN, MORRIS, and LUCAS, JJ., Concur.