IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

December 28, 2016

ALFRED McDONALD,                    )
                                    )
          Appellant,                )
                                    )
v.                                  )     Case No. 2D15-4950
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____)


BY ORDER OF THE COURT:

          The appellant's motion for rehearing is granted.  The opinion dated May

13, 2016, is hereby withdrawn and the attached opinion is substituted therefor.  No

further motions for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL
CLERK

ALFRED McDONALD,              )
                             )
            Appellant,        )
                             )
v.                            )          Case No. 2D15-4950
                             )
STATE OF FLORIDA,             )
                             )
            Appellee.         )
_____)

Opinion filed December 28, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Vivian T. Corvo, Judge.

Alfred McDonald, pro se.


PER CURIAM.

Alfred McDonald appeals the order denying his motions filed under Florida

Rules of Criminal Procedure 3.800(a) and 3.850(b)(2). We affirm the denial of ground

two of McDonald's rule 3.800(a) motion, but we reverse the denial of ground one and

the denial of his rule 3.850(b)(2) motion, in which he asked that ground one of his rule

3.800(a) motion be converted to a claim under rule 3.850(b)(2).

McDonald argued that his sentence of life with the possibility of parole for

a first-degree murder he committed when he was sixteen years of age was

unconstitutional under <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012).[1]  He contended that he was entitled to a new sentencing hearing in conformance with chapter 2014-220, Laws of Florida.  See <u>Horsley v. State</u>, 160 So. 3d 393 (Fla. 2015) (holding that the remedy for a sentence that is unconstitutional under <u>Miller</u> is resentencing under chapter 2014-220).

The postconviction court denied McDonald's motion based on then-existing case law holding that <u>Miller</u> did not apply to life sentences with the possibility of parole.  See <u>McPherson v. State</u>, 138 So. 3d 1201, 1202 (Fla. 2d DCA 2014); <u>Atwell v. State</u>, 128 So. 3d 167, 169 (Fla. 4th DCA 2013).  However, the supreme court has now reversed <u>Atwell</u>, concluding "that Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by <u>Miller</u>, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional." <u>Atwell v. State</u>, 197 So. 3d 1040, 1041 (Fla. 2016).  The court held that juveniles sentenced to life with the possibility of parole are entitled to resentencing in conformance with chapter 2014-220, Laws of Florida.  <u>Id.</u> at 1050 (citing <u>Horsley</u>, 160 So. 3d at 399); see <u>Landy v. State</u>, 2D15-4827, 2016 WL 6776120 (Fla. 2d DCA Nov. 16, 2016).  The supreme court has now also quashed this court's decision in <u>McPherson</u>.[2]  See <u>McPherson v. State</u>, 41 Fla. L. Weekly S578 (Fla. Oct. 28, 2016)

---

[1]McDonald was also sentenced to a consecutive term of fifteen years' imprisonment for armed robbery.

[2]From the allegations of McDonald's motion, it appears that McPherson was his co-defendant in the murder and robbery.

(citing <u>Atwell</u> and remanding for resentencing in conformance with sections 775.082, 921.1401, and 921.1402 of the Florida Statutes).

Accordingly, we reverse the postconviction court's denial of McDonald's rule 3.850(b)(2) motion and ground one of his rule 3.800(a) motion and remand for resentencing in conformance with chapter 2014-220, Laws of Florida, which was codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes.

Affirmed in part, reversed in part, and remanded for resentencing.

KHOUZAM, CRENSHAW, and LUCAS, JJ., Concur.