NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KELVIN FRAZIER, )
)
      Appellant, )
)
v. ) Case No. 2D15-5244
)
STATE OF FLORIDA, )
)
      Appellee. )
_____)

Opinion filed January 20, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Collier County; Frederick R. Hardt, Judge.

Kelvin Frazier, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lisa Martin,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

      Kelvin Frazier appeals the order summarily denying his motion seeking to

vacate his sentence under Florida Rule of Criminal Procedure 3.850(b)(2) (providing an

exception to the two-year time limit for newly established constitutional rights that have

been held to apply retroactively). We reverse.

In his motion, Frazier alleged that he was entitled to relief under the Florida Supreme Court's recent cases interpreting Miller v. Alabama, 132 S. Ct. 2455 (2012), because the trial court sentenced him to life imprisonment with the possibility of parole for a first-degree murder committed in 1985 when he was a juvenile. See Falcon v. State, 162 So. 3d 954 (Fla. 2015); Horsley v. State, 160 So. 3d 393 (Fla. 2015). But those cases did not address the issue of whether juveniles convicted of murder and sentenced to life imprisonment with the possibility of parole were entitled to resentencing under Miller. Because then-existing case law held that such juveniles were not entitled to relief, the postconviction court denied Frazier's motion. See, e.g., McPherson v. State, 138 So. 3d 1201, 1202 (Fla. 2d DCA 2014), quashed, 41 Fla. L. Weekly S578 (Fla. Oct. 28, 2016). However, the supreme court recently addressed the issue raised by Frazier when it quashed Atwell v. State, 128 So. 3d 167 (Fla. 4th DCA 2013). In Atwell v. State, 197 So. 3d 1040, 1041 (Fla. 2016), the court concluded "that Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by Miller, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional." The court held that juveniles sentenced to life with the possibility of parole are entitled to resentencing in conformance with chapter 14-220, Laws of Florida. Id. at 1050 (citing Horsley, 160 So. 3d at 399); see also Landy v. State, 41 Fla. L. Weekly D2555 (Fla. 2d DCA Nov. 16, 2016) (reversing Landy's life sentence for murder pursuant to Atwell and remanding for resentencing under chapter 14-220).

Accordingly, we reverse the order denying Frazier's postconviction motion and remand for resentencing in conformance with chapter 14-220, Laws of Florida, as codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014).

Reversed and remanded.

CASANUEVA, CRENSHAW, and SALARIO, JJ., Concur.