IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROOSEVELT KIRK,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0059

Opinion filed February 16, 2017.

An appeal from an order of the Circuit Court for Bay County.
Hentz McClellan, Judge.

Roosevelt Kirk, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

We reverse the order denying Appellant's motion for postconviction relief

brought pursuant to Florida Rule of Criminal Procedure 3.850. In summarily

denying Appellant's claim, the trial court relied on Atwell v. State, 128 So. 3d 167

(Fla. 4th DCA 2013), which was quashed by the Florida Supreme Court during the

pendency of this appeal. See Atwell v. State, 197 So. 3d 1040, 1050 (Fla. 2016). In light of the Florida Supreme Court's precedent in Atwell, Appellant appears to be entitled to resentencing on the first-degree murder conviction. See Atwell, 197 So. 3d at 1050.

On appeal, the State argues that it is not apparent from the record whether Appellant was actually a juvenile at the time of the offense. The record on appeal does not contain any documents pertaining to this issue. Therefore, we remand for the trial court to conduct such proceedings as are necessary to determine whether Appellant was a juvenile at the time of the offense. If the trial court determines that Appellant was a juvenile at the time of the offense, he should be resentenced in conformance with chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes. See Atwell v. State, 197 So. 3d at 1050; Woods v. State, 2016 WL 7217231 (Fla. Dec. 13, 2016).

REVERSED and REMANDED with instructions.

ROBERTS, C.J., LEWIS, and RAY, JJ., CONCUR.