NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEONARD EDWARDS,                     )
                                     )
          Appellant,                 )
                                     )
v.                                   )     Case No. 2D15-5724
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____)

Opinion filed February 22, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court
for Hillsborough County; Tom Barber,
Judge.

PER CURIAM.

          Leonard Edwards appeals the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850(b)(2).  We

reverse and remand for resentencing.

          A jury convicted Edwards of rape in 1972, and the trial court sentenced

him to life imprisonment.  Edwards alleged in his sworn rule 3.850 motion that because

he was sixteen years old when he committed his crime, his life sentence is illegal under

Miller v. Alabama, 132 S. Ct. 2455 (2012), and Horsley v. State, 160 So. 3d 393 (Fla.

2015).  Relying on <u>McPherson v. State</u>, 138 So. 3d 1201, 1202 (Fla. 2d DCA 2014), and <u>Atwell v. State</u>, 128 So. 3d 167, 169 (Fla. 4th DCA 2013), the postconviction court denied the motion because Edwards' life sentence did not exclude the possibility of parole.  Both of those cases held that <u>Miller</u> was inapplicable to juveniles who were sentenced to life in prison with parole eligibility after a term of years.

While this appeal was pending, the Florida Supreme Court quashed <u>Atwell</u>, holding that "Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by <u>Miller</u>, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional."  <u>Atwell v. State</u>, 197 So. 3d 1040, 1041 (Fla. 2016).  The court held that juveniles sentenced to life with the possibility of parole are entitled to resentencing in conformance with sections 775.082, 921.1401, and 921.1402, Florida Statutes (2016).  <u>Id.</u> at 1042-1043 (citing <u>Horsley v. State</u>, 160 So. 3d 393, 395 (Fla. 2015)).  <u>See also</u> <u>McPherson v. State</u>, 41 Fla. L. Weekly S578 (Fla. Oct. 28, 2016) (quashing this court's decision, with instructions to remand to the trial court for resentencing).  Following <u>Atwell</u>, this court recently held that a juvenile who was sentenced to life imprisonment with parole eligibility after twenty-five years was entitled to be resentenced under sections 775.082, 921.1401, and 921.1402, Florida Statutes.  <u>See</u> <u>Landy v. State</u>, 41 Fla. L. Weekly D2555 (Fla. 2d DCA Nov. 18, 2016).

Accordingly, we reverse the order denying Edwards' motion and remand for resentencing in conformance with sections 775.082, 921.1401, and 921.1402, Florida Statutes.

- 2 -

Reversed and remanded.

NORTHCUTT, KHOUZAM, and ROTHSTEIN-YOUAKIM, JJ., Concur.