NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RANDALL T. BURNEY,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D16-162
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

Opinion filed February 22, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Chris Helinger, Judge.

Randall Burney, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

        Randall T. Burney appeals the order summarily denying his motion to

vacate his sentence filed under Florida Rule of Criminal Procedure 3.850(b)(2), which

provides an exception to the two-year time limit for newly-established constitutional

rights that have been held to apply retroactively.  In his motion, Mr. Burney argued that

his life sentence with the possibility of parole for a burglary committed when he was a

juvenile was unconstitutional under the United States Supreme Court's decision in Graham v. Florida, 560 U.S. 48 (2010), and the Florida cases interpreting Graham. He seeks resentencing in conformance with chapter 2014-220, Laws of Florida. See §§ 921.1401, .1402, Fla. Stat. (2014) (creating a scheme in which a juvenile receives individualized considerations—such as his or her propensity for change, rehabilitation, and demonstrated maturity—at the time of sentencing that can be later reviewed by the trial court). We agree with Mr. Burney and reverse and remand for resentencing.

The postconviction court summarily denied Mr. Burney's motion because then-existing case law held that juvenile sentences of life imprisonment with the possibility of parole did not implicate the constitutional constraints expressed in Graham and Miller v. Alabama, 132 S. Ct. 2455 (2012). See McPherson v. State, 138 So. 3d 1201, 1202 (Fla. 2d DCA 2014) (citing Atwell v. State, 128 So. 3d 167, 169 (Fla. 4th DCA 2013); quashed, 41 Fla. L. Weekly S578d (Fla. Oct. 28, 2016).

While this appeal was pending, the Florida Supreme Court quashed the Fourth District's Atwell decision. See Atwell v. State, 197 So. 3d 1040 (Fla. 2016). The supreme court concluded that "Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by Miller, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional." Id. at 1041. In contrast to Atwell, who was convicted of murder, Mr. Burney was convicted of burglary. Nevertheless, the supreme court noted that Atwell's life sentence for armed robbery was unconstitutional under Graham because it eliminated his ability to obtain a "meaningful opportunity for release." Id. at 1043 n.1; see also Henry v.

- 2 -

State, 175 So. 3d 675, 679 (Fla. 2015) ("Graham is implicated when a juvenile nonhomicide offender's sentence does not afford any 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " (quoting Henry v. State, 175 So. 3d 675, 679 (Fla. 2015))).  Simply put, juveniles sentenced to life with the possibility of parole are entitled to resentencing pursuant to sections 921.1401 and 921.1402.  Id. at 1050.

Under the supreme court's Atwell decision, Mr. Burney is entitled to resentencing in conformance with chapter 2014-220, Laws of Florida, even though he was originally sentenced to life in prison with the possibility of parole.  We reverse the order denying Mr. Burney's postconviction motion and remand for resentencing.

Reversed and remanded.


NORTHCUTT, LaROSE, and BLACK, JJ., Concur.