EMAS, J.
The defendant, Michael Cunningham, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Cunningham had previously appealed the denial of his Rule 3.800 motion to correct sentence upon the same grounds: that he was a juvenile at the time of the commission of the crimes (four nonhomicide life felonies) and was sentenced to four concurrent life sentences. Cunningham contends that this sentence violates Graham v. Florida, — U.S. -, -, 130 S.Ct. 2011, 2030, 176 L.Ed.2d 825 (2010), which held:
This Court now holds that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole. This clear line is necessary to prevent the possibility that life without parole sentences will be imposed on juvenile nonhomicide offenders who are not sufficiently culpable to merit that punishment. Because “[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood,” those *1046 who were below that age when the offense was committed may not be sentenced to life without parole for a nonho-micide crime.
(Emphasis supplied.)
Unlike the defendant in Graham, Cunningham is statutorily entitled to parole consideration because he committed the offenses prior to the effective date of the statute creating sentencing guidelines and eliminating parole. See Ch. 1983-87, § 2, Laws of Fla. Cunningham acknowledged as much in his motion, where he alleged that his Presumptive Parole Release Date is in 2026 and his next parole reinterview is in 2013.
Affirmed.