# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-290
Lower Tribunal Nos. 94-33949 A, 94-33950 A, 94-35475, 94-35738 & 94-6143

_____

**Kevin Earl Wadley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Kevin Earl Wadley, in proper person.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and FERNANDEZ, JJ.

LAGOA, J.

Appellant, Kevin Earl Wadley ("Wadley"), appeals an order summarily denying his Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. While Wadley raises several points on appeal, we

address only whether Wadley's life sentences imposed for offenses that he committed when he was seventeen years old are illegal pursuant to Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012), which forbid "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller, 132 S. Ct. at 2469.

Because the Florida Supreme Court recently held in Falcon v. State, 162 So. 3d 954, 956 (Fla. 2015), that Miller "applies retroactively to juvenile offenders whose convictions and sentences were final at the time Miller was decided," we conclude that Wadley must be resentenced pursuant to the framework established in chapter 2014-220, Laws of Florida. See Horsley v. State, 160 So. 3d 393 (Fla. 2015); Henry v. State, 40 Fla. L. Weekly S147 (Fla. Mar. 19, 2015). Accordingly, we affirm in part[1] and reverse in part.

In case number F94-33949A, a jury found Wadley guilty of first-degree murder, attempted armed robbery, and armed burglary with an assault or battery. The State and Wadley subsequently entered into a plea agreement in which the State waived the imposition of the death penalty in exchange for Wadley's agreement to a life without parole sentence for the first-degree murder charge, and thirty years in prison for the attempted armed robbery charge.[2] Pursuant to the

---

[1] The order is affirmed on the remaining points without comment.

[2] The trial court also sentenced Wadley to life for the armed burglary offense. However, in February 1999, the trial court vacated that conviction and sentence, stating that the assistant state attorney had abandoned this count.

2

Florida Supreme Court's holding in <u>Falcon</u>, <u>Miller</u> requires that we vacate Wadley's mandatory life sentence without parole for the homicide offense.

Additionally, pursuant to the plea agreement entered into in case number F94-33949A, Wadley also agreed, *inter alia,* to plead guilty and to be sentenced to life in prison for armed robbery charges in two unrelated cases, numbers F94-33950A, and F94-35475.

The State properly concedes that Wadley's life sentences for the non-homicide offenses in case numbers F94-33950A, and F94-35475 are illegal sentences under <u>Graham</u>, and that Wadley must therefore be resentenced in those cases as well.

Accordingly, we vacate the life sentences for both the homicide and non-homicide offenses, and on remand, Wadley must be resentenced pursuant to chapter 2014-220, Laws of Florida.  We affirm, however, as to the trial court's denial of the remaining issues raised by Wadley in his post-conviction motion.

Affirmed in part; reversed in part and remanded with directions.