# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-943
Lower Tribunal No. 97-21540B

_____

**Daniel Torres,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Eric W. Hendon, Judge.

Charles G. White, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

### ON MOTION FOR CLARIFICATION

FERNANDEZ, J.

We grant appellee's, State of Florida's, Motion for Clarification, and

withdraw this Court's previous opinion dated December 23, 2015, and substitute in

its place the following opinion.

Daniel Torres appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion in which he argued that his life sentences without the possibility of parole for his convictions of first degree murder and armed robbery were illegal, pursuant to Miller v. Alabama, 132 S. Ct. 2455 (2012), and Graham v. Florida, 560 U.S. 48 (2010), for offenses that occurred when Torres was a juvenile. We reverse and remand for resentencing of both counts.

In 1997, the State charged Torres with first degree murder and robbery with a weapon. Torres received a mandatory life sentence without parole with a twenty-five year minimum mandatory on count one for the first degree murder conviction.[1] He received a second life sentence without parole with a three-year minimum mandatory on count two for the armed robbery conviction. This Court affirmed his convictions.[2]

The trial court denied Torres' request for resentencing on count one based on Geter v. State, 115 So. 3d 375, 384 (Fla. 3d DCA 2012), which held that Miller v. Alabama, 132 S. Ct. 2455, 2469 (2012), cannot be retroactively applied to "juvenile homicide offenders whose convictions and sentences were final as of

---

[1]    The portion of the sentence that imposes a twenty-five year minimum mandatory provision appears to have been a scrivener's error as it is inconsistent with a life sentence without parole and not in compliance with the sentencing statute in effect at the time the crime was committed.

[2]    See Torres v. State, 802 So. 2d 412 (Fla. 3d DCA 2001).

June 25, 2012, the date <u>Miller</u> was issued." The trial court also denied Torres'

motion based on <u>Lawton v. State</u>, 109 So. 3d 825, 828-29 (Fla. 3d DCA 2013), in

which this Court held that a juvenile offender can be legally sentenced to life

imprisonment without parole for a non-homicide charge as long as the offense was

committed out of the same criminal episode as a corresponding homicide, and

thereby created an exception to <u>Graham v. Florida</u>, 560 U.S. 48, 74–75 (2010).

<u>Lawton</u>, 109 So. 3d 828–30.

Torres is entitled to resentencing on both counts. A sentencing framework

that mandates life in prison without possibility of parole for juvenile offenders is

unconstitutional. <u>Miller</u>, 132 S. Ct. at 2469; <u>Graham</u>, 560 U.S. at 80. <u>Miller</u>

applies retroactively to defendants like Torres who were juveniles at the time of a

homicide offense and whose sentences became final prior to the <u>Miller</u> decision.

<u>Falcon v. State</u>, 162 So. 3d 954, 956 (Fla. 2015). The appropriate remedy for a

juvenile offender whose sentence is unconstitutional under <u>Miller</u> is resentencing

in conformance with chapter 2014–220, Laws of Florida, provided they present the

court with a timely rule 3.850 motion. <u>See</u> §§ 775.082, 921.1401, 921.1402, Fla.

Stat. (2015). <u>See also</u> <u>Horsley v. State</u>, 160 So. 3d 393 (Fla. 2015); <u>Wadley v.</u>

<u>State</u>, 2015 WL 4549642 (Fla. 3d DCA 2015).

The State agrees that Torres is entitled to resentencing on count two for the

non-homicide offense of armed robbery but argues that the appropriate remedy is

3

resentencing pursuant to the applicable governing statute for the subject offense, and not pursuant to chapter 2014-220, Laws of Florida, in cases that involve violations under Graham. We conclude that Torres' life sentence for the non-homicide offense is also subject to resentencing in conformance with chapter 2014-220, Laws of Florida. See Wadley v. State, 2015 WL 4549642 (Fla. 3d DCA 2015)(involving a sentence of life in prison without parole for murder in the first degree and armed robbery, vacating life sentences for both homicide and non-homicide offenses, and remanding for resentencing pursuant to chapter 2014-220, Laws of Florida). Torres is thus entitled to resentencing on both counts, pursuant to chapter 2014-220, Laws of Florida.

We therefore reverse the trial court's denial of Torres' 3.850 motion. We remand this case for resentencing on both counts, pursuant to chapter 2014–220, Laws of Florida, as codified in sections 775.082, 921.1401, 921.1402, Florida Statutes (2015).

Reversed and remanded with directions.

4