IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JACKSON STALLINGS,

        Appellant,

 v.                                                                              Case No.  5D16-1448

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 19, 2016

3.850 Appeal from the Circuit
Court for Orange County,
Robert J. Egan, Judge.

Jackson Stallings, Jasper, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

      Jackson Stallings ("Appellant") appeals the lower court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  In light of *Atwell v. State*, 41 Fla. L. Weekly S244 (Fla. May 26, 2016), which was decided after the lower court ruled, we reverse and remand for the postconviction court to hold an evidentiary hearing to determine whether Appellant is entitled to resentencing

pursuant to *Horsley v. State*, 160 So. 3d 393 (Fla. 2015), and chapter 2014-220, Laws of Florida.

In 1973, when Appellant was seventeen years old, he pleaded guilty to sexual battery, robbery, and assault with the intent to commit a felony. He was sentenced to life imprisonment on the sexual battery charge because sexual battery was a capital offense at that time. *See* § 784.01(1), Fla. Stat. (1972). He was sentenced to fifteen years imprisonment for the robbery charge, followed by a consecutive five-year term for the assault charge with intent to commit a felony charge. Both sentences were ordered to run concurrently with Appellant's life sentence. Appellant was not sentenced to life without the possibility of parole.

The Florida Supreme Court recently held that a life sentence with the possibility of parole for a juvenile convicted of homicide violated the Eighth Amendment because Florida's statutory parole system does not afford the individualized consideration for juvenile defendants required by *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Atwell*, 41 Fla. L. Weekly at S248. Under our parole system, a convicted juvenile defendant is given a hearing by the Commission on Offender Review. *Id.* at S247. The Commission determines a presumptive parole date, which is the juvenile's earliest possible release date from prison. *Id.* In making its determination, the Commission utilizes objective parole guidelines that give primary weight to the seriousness of the offender's present offense and prior criminal record. *Id.* These guidelines, however, do not factor in the so-called diminished culpability of youth. *Id. at S247-48*. Since the offender's presumptive parole date can be scheduled for decades beyond a natural lifespan, a life sentence with the

2

possibility of parole may be the practical equivalent of a life sentence without the possibility of parole. *Id.* at S247.

In 1999, following a review, the Commission established Appellant's presumptive parole release date as December 11, 1999; however, that release date was suspended as a result of an "Extraordinary Review," which discussed a number of infractions accrued by Appellant during his incarceration. The Commission indicated that another review would be conducted in July 2004. We cannot determine from the record whether the Commission conducted a review in July 2004 and a new presumptive release date was ever calculated, or whether Appellant remains in limbo under the suspended 1999 release date. With the uncertainty of his release date and no information about any future reviews, there is a likelihood that the now sixty-one-year-old Appellant will spend the rest of his life in prison without ever having the "meaningful opportunity for early release." *Henry v. State*, 175 So. 3d 675, 680 (Fla. 2015) (citing *Graham v. Florida*, 560 U.S. 48, 75 (2010)).

Because the Florida Supreme Court has stated that Florida's parole system is incompatible with the mandate of *Miller*, the postconviction court's reliance on the Extraordinary Review is no longer sufficient to conclude that Appellant is not eligible for resentencing. *Atwell*, 41 Fla. L. Weekly at S244. Accordingly, we reverse the order summarily denying Appellant's rule 3.850 motion and remand for the postconviction court to hold an evidentiary hearing to determine Appellant's presumptive parole release date and the Commission's recommendations for his parole release. On remand, the postconviction court shall also determine whether, in light of *Atwell*, Appellant must be

3

resentenced pursuant to chapter 2014-220, Laws of Florida, as discussed in *Horsley*. *See Horsley*, 160 So. 3d at 395.

REVERSED AND REMANDED.

TORPY and LAMBERT, JJ., concur.