IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTHONY WILLIAMS,

      Appellant,

v.                                                                          Case No.  5D15-3847

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 19, 2016

Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

Anthony Williams, Arcadia, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.


ON MOTION FOR REHEARING

PER CURIAM.

      Anthony Williams seeks rehearing of this court's opinion affirming the denial of his

motion for postconvicton relief.  We grant rehearing, withdraw our previous opinion, and

substitute the following in its place.

On March 1, 1990, following a jury trial, Williams was found guilty of first-degree felony murder and sentenced to life in prison.[1]  He was a seventeen-year-old juvenile when he committed the offense.  The statutory scheme at the time of the offense required a life sentence for capital felonies consisting of a twenty-five year minimum mandatory term, with parole eligibility after serving the mandatory portion of the sentence.  § 775.082(1), Fla. Stat. (1988).

In 2015, Williams filed a pro se motion for postconviction relief, alleging his life sentence without the possibility of parole constituted an illegal sentence under Miller v. Alabama, 132 S.Ct. 2455, 2469 (2012), and its progeny.  He claimed he was entitled to a resentencing hearing pursuant to chapter 2014-220, Laws of Florida.  See Horsley v. State, 160 So. 3d 393, 405-06 (Fla. 2015) (holding the remedy for unconstitutional sentence under Miller is resentencing under chapter 2014-220, Laws of Florida).  The trial court denied the motion, concluding that Miller did not strictly apply, but ordered, consistent with the 1993 statute, that the sentencing form be amended to include the provision for a twenty-five year mandatory minimum to be served prior to becoming eligible for parole.

Although the trial court's decision appeared correct at the time, while this appeal was pending, the Florida Supreme Court determined in Atwell v. State, 41 Fla. L. Weekly S244 (Fla. May 26, 2016), that Miller could be implicated even when a defendant is sentenced under an earlier version of the statute that included the possibility of parole. In so holding, the court noted that it "has—and must—look beyond the exact sentence

---

[1] Williams' judgment and sentence were affirmed on appeal.  See Williams v. State, 578 So. 2d 1116 (Fla. 5th DCA 1991).

denominated as unconstitutional by the Supreme Court and examine the practical implications of the juvenile's sentence, in the spirit of the Supreme Court's juvenile sentencing jurisprudence." Id. at S247.

The practical implication of Atwell's sentence revealed that although he is parole eligible, "it is a virtual certainty that [he] will spend the rest of his life in prison."[2] Id. at S244. Thus, the court concluded that using the parole guidelines, "a sentence for first-degree murder under the pre–1994 statute is virtually guaranteed to be just as lengthy as, or the 'practical equivalent' of, a life sentence without the possibility of parole." Id. at S247. The court held:

> Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by Miller, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional.

Id. at S244. The court determined the only way to correct Atwell's sentence was to resentence him in conformance with Horsley and chapter 2014-220 Laws of Florida. Id. at S248.

In this case, Williams has not alleged what his presumptive parole release date ("PPRD") is or what his final review determined. And, the record is silent on this issue. Thus, it is unclear whether Williams' PPRD places him outside the relief afforded by Miller and Atwell. The date could be right around the corner or long after Williams' life expectancy. What is certain is that, like Atwell, the statutory scheme Williams was sentenced under provided only for the death penalty or life with the possibility of parole

---

[2] Atwell's presumptive parole release date was set for the year 2130, which is 140 years after he committed the offense and well beyond his probable life expectancy. Atwell, 41 Fla. L. Weekly at S244.

3

after twenty-five years.  § 775.082(1), Fla. Stat. (1988).  The trial court was not able to consider factors that would have allowed it to individually tailor Williams' sentence based on his juvenile status.  See Miller, 132 S.Ct at 2469.  As a result, if Williams' PPRD is calculated similarly to Atwell's, he will likely have no hope for release prior to his death, a consequence the United States Supreme Court has determined is unconstitutional.  See id. (citing Graham v. Florida, 560 U.S. 48, 74-75 (2010)).

Accordingly, in light of Atwell, we reverse the order under review and remand for the trial court to determine whether Williams' PPRD and Commission Review Recommendation for parole release implicates resentencing pursuant to Horsley and chapter 2014-220, Laws of Florida.

REVERSED AND REMANDED, with directions.

BERGER, WALLIS and LAMBERT, JJ., concur.