**Budry MICHEL, Appellant,**

v.

**STATE of Florida, Appellee.**

No. 4D13–1123.

District Court of Appeal of Florida, Fourth District.

Nov. 9, 2016.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the order denying appellant's motion for postconviction relief and remand for resentencing pursuant to *Atwell v. State,* 197 So.3d 1040 (Fla.2016). We also certify conflict with the Fifth District Court of Appeal. We respectfully disagree with *Stallings v. State,* 198 So.3d 1081 (Fla. 5th DCA 2016), and *Williams v. State,* 198 So.3d 1084 (Fla. 5th DCA 2016), to the extent that those decisions suggest that relief under *Atwell* is dependent on the defendant's presumptive parole release date.

Our reading of the Florida Supreme Court's decision in *Atwell* is. that Florida's existing parole system does not provide the individualized sentencing consideration required by *Miller v. Alabama,* —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d ·407 (2012). Thus, as in *Atwell,* appellant is entitled to be resentenced pursuant to the sentencing provisions enacted in Chapter 2014–220, Laws of Florida. *Atwell,* 197 So.3d at 1050.

*Reversed and remanded for resentencing.*

CIKLIN, C.J., WARNER and DAMOORGIAN, JJ., concur.