# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1090
Lower Tribunal No. 79-5376
_____

**Joseph Carter,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lisa Walsh, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE, and SCALES, JJ.

LOGUE, J.

The defendant, Joseph Carter, seeks review of the trial court's denial of his 3.850 motion for postconviction relief challenging the constitutionality of his aggregate sentence of 152 years in prison, with parole. We reverse.

In 1979, the defendant, who was a minor at the time, was found guilty of burglary and sexual battery and was sentenced to a total of 152 years for both counts, with parole.[1] In 1982, he was given a presumptive parole release date (PPRD) of March 25, 1993. The PPRD was pushed back, however, due to various disciplinary reports. From 2007 forward, the defendant did not have any disciplinary reports and in 2007, his PPRD was set for March 2016.

In December 2015, the defendant was interviewed by a parole commission investigator regarding the possibility of parole. The investigator recommended parole. However, in April 2016, the parole commission denied parole and provided that the defendant "will be Reinterviewed for [his] Extraordinary Interview during the month of October, 2022."

The defendant argued in his postconviction motion that the aggregate sentence of 152 years was a de facto life sentence of a minor and therefore unconstitutional under Graham v. Florida, 560 U.S. 48 (2010) and Henry v. State, 175 So. 3d 675 (Fla. 2015). His sentence was unconstitutional, he contended,

_____

[1] The defendant was sentenced to 137 years for the burglary count and 15 years for the sexual battery count. The conviction and sentence were affirmed on direct appeal in Carter v. State, 410 So. 2d 552 (Fla. 3d DCA 1982).

2

because his parole eligibility was not a meaningful opportunity for release. The defendant sought resentencing under sections 775.082(3)(c) and 921.1401, Florida Statutes (2014). The trial court denied his motion and this appeal followed.

Notwithstanding the fact that he will be reevaluated for the possibility of parole in 2022, we conclude the defendant is correct and that he is entitled to resentencing under sections 775.082(3)(c) and 921.1401. See Atwell v. State, 197 So. 3d 1040, 1048 (Fla. 2016) ("In most respects, a sentence of life with the possibility of parole for first-degree murder, based on the way Florida's parole process operates under the existing statutory scheme, actually resembles a mandatorily imposed life sentence without parole that is not 'proportionate to the offense and the offender.'" (quoting Horsley v. State, 160 So. 3d 393, 406 (Fla. 2015))); Henry v. State, 175 So. 3d 675, 680 (Fla. 2015), cert. denied, 136 S. Ct. 1455 (2016) ("Because we have determined that [the defendant's] sentence is unconstitutional under Graham, we conclude that [the defendant] should be resentenced in light of the new juvenile sentencing legislation enacted by the Florida Legislature in 2014, ch.2014–220, Laws of Fla."); Miller v. State, 42 Fla. L. Weekly D51 at *1 n.1 (Fla. 3d DCA Jan. 25, 2017) ("The State's contention that [the defendant] was parole-eligible as early as twelve years after the commission of first-degree murder is irrelevant.").

We therefore reverse the defendant's aggregate 152-year sentence for burglary and sexual battery and remand to the trial court for the appropriate resentencing under section 775.082(3)(c), Florida Statutes and section 921.1401, Florida Statutes.

Reversed and remanded with instructions.