NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY MARSHALL,                    )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D16-1095
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____)

Opinion filed March 31, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Highlands County; Peter F. Estrada, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

          Larry Marshall appeals the order denying his motion seeking to vacate his

sentence under Florida Rule of Criminal Procedure 3.850(b)(2), which provides an

exception to the two-year time limit for filing a postconviction motion on the ground that

a newly-established constitutional right has been held to apply retroactively.  We

reverse and remand for resentencing.

In his motion, Marshall argued that his concurrent sentences of ninety-nine years' imprisonment[1] for breaking and entering and robbery, which were imposed in 1976, are de facto life sentences that are unconstitutional under Graham v. Florida, 560 U.S. 48 (2010), as interpreted by our supreme court in Henry v. State, 175 So. 3d 675, 680 (Fla. 2015) (holding that Graham prohibits sentencing juvenile nonhomicide offenders to sentences that ensure their imprisonment without a meaningful opportunity for release based on demonstrated maturity and rehabilitation), and Gridine v. State, 175 So. 3d 672, 673 (Fla. 2015) (holding that a juvenile nonhomicide offender's sentence of seventy years' imprisonment is unconstitutional under Graham for the reasons explained in Henry). Marshall asserted that he was entitled to be resentenced under chapter 2014-220, Laws of Florida, as codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014). See Horsley v. State, 160 So. 3d 393, 408-09 (Fla. 2015) (holding that a juvenile whose sentence is unconstitutional under the Eighth Amendment is entitled to be resentenced under chapter 2014-220, Laws of Florida).

After the State filed a response, Marshall filed a motion asking that the postconviction court hold his case in abeyance pending the supreme court's review of Atwell v. State, 128 So. 3d 167 (Fla. 4th DCA 2013). The postconviction court declined to do so. The court then denied Marshall's motion, finding that his sentence was not unconstitutional under Graham because he is statutorily entitled to parole consideration.

---

[1]Marshall filed his motion in case no. 76-49, but he noted the trial court ordered his sentence to run consecutively with his sentence in case no. 76-69, which resulted in a total sentence of 119 years' imprisonment. Marshall argued that his total sentence of 119 years' imprisonment is a de facto life sentence that is unconstitutional under Graham.

The supreme court has now clarified that a juvenile's eligibility for parole does not remove his sentence from the purview of Graham and Miller v. Alabama, 132 S. Ct. 2455 (2012). Atwell v. State, 197 So. 3d 1040, 1049 (Fla. 2016). In Atwell, the court quashed the Fourth District's opinion holding that Miller was inapplicable to a juvenile's life sentence with parole eligibility. Id. at 1042. The court concluded "that Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of Atwell's juvenile status at the time of the murder, as required by Miller, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional." Id. at 1041. The court held that juveniles sentenced to life with the possibility of parole are entitled to resentencing in conformance with chapter 2014-220, Laws of Florida. Id. at 1050 (citing Horsley, 160 So. 3d at 399). While Atwell was convicted of murder, a homicide offense to which Miller is applicable, the supreme court noted that Atwell's life sentence for armed robbery was clearly unconstitutional under Graham, which is applicable to nonhomicide offenses. Id. at 1043 n.1 (declining to address Atwell's sentence for armed robbery because he had not challenged it in the trial court).

This case presents yet another wrinkle in juvenile sentencing—whether a juvenile's sentence to a term of years with parole eligibility can violate the Eighth Amendment. Although the supreme court has not squarely addressed this issue, we believe that an affirmative answer flows logically from the court's decisions in Henry and Atwell. It is clear under Henry that Marshall's ninety-nine-year sentence is unconstitutional. The supreme court found that Henry's sentence of ninety years' imprisonment was unconstitutional under Graham:

> [W]e believe that the <u>Graham</u> Court had no intention of
> limiting its new categorical rule to sentences denominated
> under the exclusive term of "life in prison."  Instead, we have
> determined that <u>Graham</u> applies to ensure that juvenile
> nonhomicide offenders will not be sentenced to terms of
> imprisonment without affording them a meaningful
> opportunity for early release based on a demonstration of
> maturity and rehabilitation.

175 So. 3d at 680 (citing <u>Graham</u>, 560 U.S. at 75); <u>see</u> <u>Kelsey v. State</u>, 206 So. 3d 5, 10 (Fla. 2016) (noting that the supreme court has declined to require that term-of-years sentences be de facto life sentences for <u>Graham</u> to apply).  The <u>Henry</u> court concluded "that the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future . . . ."  175 So. 3d at 680.  In <u>Atwell</u>, the supreme court explained that Florida's parole system was not the appropriate review mechanism for juvenile offenders because it "entirely fails to recognize" "how children are different," 197 So. 3d at 1042 (quoting <u>Miller</u>, 132 S. Ct. at 2469), and it fails to consider "the diminished culpability of youth at the time of the offense . . . ," <u>id.</u> at 1047.  The court noted that after <u>Graham</u> and <u>Miller</u>, the legislature enacted a distinct sentencing framework for juvenile offenders rather than using parole as the means for complying with the Supreme Court's decisions.  <u>Id.</u> at 1049.  Thus, it follows from <u>Henry</u> and <u>Atwell</u> that a nonhomicide juvenile offender's term-of-years sentence with the possibility of parole can violate the Eighth Amendment.

Accordingly, we reverse the postconviction court's denial of Marshall's motion and remand for resentencing in conformance with chapter 2014-220, Laws of Florida, as codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014).  <u>See</u> <u>Horsley</u>, 160 So. 3d at 395.

- 4 -

Reversed and remanded for resentencing.


KELLY, KHOUZAM, and ROTHSTEIN-YOUAKIM, JJ., Concur.