# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1051
Lower Tribunal No. 79-2443
_____

**Gary Reid,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lisa Walsh, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before LOGUE, SCALES, and LUCK, JJ.

LUCK, J.

This is yet another post-Miller v. Alabama, 567 U.S. 460 (2012) case where

a Florida state prisoner is challenging his life sentence because he was a juvenile at

the time he committed his crime. The trial court, correctly, based on binding precedent at the time it issued its order, denied Gary Reid's post-conviction motion because he was parole eligible after twenty-five years. Now that the law has changed, we must reverse and remand for a resentencing pursuant to section 921.1401 of the Florida Statutes.

On March 20, 1979, Reid entered into a negotiated guilty plea to the charges of first-degree murder, attempted armed robbery, and possession of a firearm while engaged in a criminal offense committed when Reid was seventeen years old. The plea was entered in exchange for a sentence of life in prison, with parole eligibility after twenty-five years, and a concurrent fifteen-year prison term. Reid was first interviewed by the Florida Parole Commission on August 20, 2002, when he was forty-one years old and was within eighteen months of satisfying the twenty-five year mandatory portion of his sentence. After considering his institutional record, the commission set Reid's presumptive parole release date for February 3, 2016. Subsequent hearings before the commission resulted in the extension of Reid's presumptive parole release date due to disciplinary problems; it has now been extended to February 3, 2028.

Reid moved the trial court for relief under Miller, arguing that he was a juvenile when he committed the murder, he was sentenced to a mandatory life sentence, and even though he was parole eligible the Florida parole system did not

2

take into account children's diminished culpability and heightened capacity for change as required by the Supreme Court.[1] The State filed a response arguing that because he was eligible for parole Reid's sentence did not violate Miller. Based on this court's decision in Cunningham v. State, 54 So. 3d 1045 (Fla. 3d DCA 2011),[2] the trial court denied Reid's motion.

The Florida Supreme Court decided Atwell v. State, 197 So. 3d 1040 (Fla. 2016) in May 2016, one month after the trial court's order in this case. In Atwell, the Florida Supreme Court explained that "[t]he current parole process . . . fails to take into account the offender's juvenile status at the time of the offense, and effectively forces juvenile offenders to serve disproportionate sentences of the kind forbidden by Miller." Id. at 1042. The Atwell Court continued: "In most respects, a sentence of life with the possibility of parole for first-degree murder, based on

---

[1] Reid's motion also claimed the trial court lacked jurisdiction to accept his guilty plea because he was a juvenile at the time. Reid has not appealed the trial court's denial of this claim, and therefore, we do not discuss it any further.

[2] In Cunningham, we affirmed the summary denial of the defendant's Graham v. Florida claim because he was "statutorily entitled to parole consideration," and "his Presumptive Parole Release Date is in 2026 and his next parole reinterview is in 2013." Cunningham, 54 So. 3d at 1046; see also Atwell v. State, 128 So. 3d 167, 169 (Fla. 4th DCA 2013), decision quashed, 197 So. 3d 1040 (Fla. 2016) ("[W]e conclude that Miller is inapplicable because Miller applies only to a mandatory sentence of life without the possibility of parole. . . . Appellant was not sentenced to life without the possibility of parole for his murder conviction. The sentencing scheme in place at the time of appellant's offense did not require a mandatory sentence of life without parole for the murder. Miller is inapplicable, and appellant would not be entitled to relief even if Miller applies retroactively").

the way Florida's parole process operates under the existing statutory scheme, actually resembles a mandatorily imposed life sentence without parole that is not 'proportionate to the offense and the offender.'" Id. at 1048 (citation omitted). "Parole," the Court said, "is, simply put, 'patently inconsistent with the legislative intent' as to how to comply with Graham and Miller." Id. at 1049 (citation omitted). The Court concluded: "We conclude that Florida's existing parole system, as set forth by statute, does not provide for individualized consideration of [the defendant's] juvenile status at the time of the murder, as required by Miller, and that his sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional." Id. at 1041.

The Florida Supreme Court's holding in Atwell would seem to be the end of the story for Reid. Reid, like the Atwell defendant, was sentenced for first degree murder to life imprisonment with the possibility of parole after twenty-five years. Reid, like the Atwell defendant, was subject to Florida's parole system. If the parole system did not account for individual consideration of the Atwell defendant's juvenile status, and the Atwell defendant's life-with-parole sentence was indistinguishable from life-without-parole, then the same parole system as part of the same sentence for the same crime should be unconstitutional for Reid.

The state, however, attempts to distinguish this case from Atwell by arguing that: (1) in entering into a negotiated plea, Reid waived any defect in his sentence;

4

and (2) unlike the <u>Atwell</u> defendant, Reid had a presumptive parole release date within his lifetime. The decisions of this court and others say these are distinctions without a difference.

As to the state's first argument, for example, we have reversed trial court orders denying <u>Miller</u> post-conviction claims, and remanded for resentencing, where the defendant, like Reid, received a life sentence as a result of a guilty plea rather than from trial. <u>See, e.g.</u>, <u>Brown v. State</u>, No. 3D15-2759, 2017 WL 927810, at *1 (Fla. 3d DCA Mar. 8, 2017) ("Appellant Freddy Brown pled guilty to second degree murder for a murder he committed in 1980, when he was seventeen years old. His sentencing hearing did not take into consideration his status as a juvenile offender. Brown was sentenced to life imprisonment with parole. He remains imprisoned due to a record of unsatisfactory institutional conduct. . . . The trial court denied Brown's rule 3.850 motion. We reverse Brown's life sentence and remand for an appropriate resentencing."); <u>Wadley v. State</u>, 178 So. 3d 424, 424-25 (Fla. 3d DCA 2015) ("The State and Wadley subsequently entered into a plea agreement in which the State waived the imposition of the death penalty in exchange for Wadley's agreement to a life without parole sentence for the first-degree murder charge, and thirty years in prison for the attempted armed robbery charge. . . . Accordingly, we vacate the life sentences for both the homicide and non-homicide offenses, and on remand,

Wadley must be resentenced pursuant to chapter 2014–220, Laws of Florida." (footnote omitted)). So, too, have our sister district courts of appeal. See, e.g., Tarrand v. State, 199 So. 3d 507, 508-09 (Fla. 5th DCA 2016) ("[Defendant] entered a negotiated plea to second-degree murder, which was committed in 1993 when he was fifteen years old. In his motion, he argued that his fifty-one-year sentence is a de facto life sentence that does not provide a meaningful opportunity for early release, and therefore, is unconstitutional under the holdings of Miller and Graham. . . . [H]e must be resentenced in light of the new juvenile sentencing legislation now codified at sections 775.082, 921.1401 and 921.1402, Florida Statutes, to allow him a meaningful opportunity to obtain early release based upon demonstrated maturity and rehabilitation." (citations omitted)); Cotto v. State, 141 So. 3d 615, 616, 620 (Fla. 4th DCA 2014) ("Cotto entered a negotiated plea with the state which agreed to waive the death penalty. The court sentenced Cotto to two consecutive life sentences for first-degree murder in counts one and two. . . . The trial court[] erred in denying the postconviction motion[] on appeal . . . . We must reverse and remand for further proceedings."). The courts, ours and others, have not distinguished between pre-Miller sentences that were imposed pursuant to a plea agreement, and those that were imposed after a trial. As Reid's counsel put it at oral argument, how could Reid, in 1979, waive a right to a Miller resentencing at his plea hearing when that right did not exist until at least 2012?

As to the state's second argument, we read <u>Atwell</u> to reject the notion that Florida's current parole scheme provides the individualized consideration of a defendant's juvenile status required under <u>Miller</u>. <u>See Atwell</u>, 197 So. 3d at 1042 ("The current parole process similarly fails to take into account the offender's juvenile status at the time of the offense, and effectively forces juvenile offenders to serve disproportionate sentences of the kind forbidden by <u>Miller</u>."); <u>see also</u> <u>id.</u> at 1049 ("Parole is, simply put, patently inconsistent with the legislative intent as to how to comply with <u>Graham</u> and <u>Miller</u>." (quotation omitted)). Since <u>Atwell</u>, and applying its holding, we have reversed trial court orders denying <u>Miller</u> post-conviction claims even where, as in Reid's case, the presumptive parole release date was within the defendant's lifetime. <u>See, e.g.</u>, <u>Carter v. State</u>, No. 3D16-1090, 2017 WL 1018513, at *1 (Fla. 3d DCA Mar. 15, 2017) ("Notwithstanding the fact that he will be reevaluated for the possibility of parole in 2022, we conclude the defendant is correct and that he is entitled to resentencing under sections 775.082(3)(c) and 921.1401."); <u>Miller v. State</u>, 208 So. 3d 834, 835 n.1 (Fla. 3d DCA 2017) ("The State's contention that Miller was parole-eligible as early as twelve years after the commission of first-degree murder is irrelevant.").[3]

_____

[3] <u>But see</u> <u>Stallings v. State</u>, 198 So. 3d 1081, 1083 (Fla. 5th DCA 2016) ("[W]e reverse the order summarily denying Appellant's rule 3.850 motion and remand for the postconviction court to hold an evidentiary hearing to determine Appellant's presumptive parole release date and the Commission's recommendations for his parole release."); <u>Williams v. State</u>, 198 So. 3d 1084, 1086 (Fla. 5th DCA 2016) ("[I]t is unclear whether Williams' PPRD places him outside the relief afforded by

7

We do so here, too. We reverse the trial court's order denying Reid's motion for post-conviction relief and remand for a resentencing pursuant to section 921.1401.

Reversed and remanded with instructions.

---

Miller and Atwell. The date could be right around the corner or long after Williams' life expectancy. . . . Accordingly, in light of Atwell, we reverse the order under review and remand for the trial court to determine whether Williams' PPRD and Commission Review Recommendation for parole release implicates resentencing pursuant to Horsley and chapter 2014–220, Laws of Florida."). The Fourth District has certified conflict with the Stallings and Williams cases "to the extent that those decisions suggest that relief under Atwell is dependent on the defendant's presumptive parole release date." Michel v. State, 204 So. 3d 101, 101 (Fla. 4th DCA 2016). The Florida Supreme Court accepted jurisdiction to review the conflict. State v. Michel, Case No. SC16-2187 (Fla. Jan. 18, 2017).