IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALEXANDER M. ALBRITTON,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2776

Opinion filed September 20, 2017.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Alexander M. Albritton, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant
Attorney General, Tallahassee, for Appellee.

PER CURIAM.

 In this post-*Miller*[1] appeal, Alexander M. Albritton challenges his

mandatory life sentence for first-degree murder because he was allegedly sixteen

---

[1] *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that a mandatory life without
parole sentence for juvenile homicide offenders violates the Eighth Amendment's
prohibition on cruel and unusual punishments).

years old at the time the crime was committed. The trial court summarily denied Albritton's motion for post-conviction relief, concluding that *Miller* is inapplicable because Albritton is parole eligible after twenty-five years.

In light of the Florida Supreme Court's intervening decision in *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016), we hold that Albritton is entitled to resentencing pursuant to the provisions of chapter 2014-220, Laws of Florida, if the trial court determines that Albritton's allegation concerning his juvenile status at the time of the crime is correct. *See Reid v. State,* 42 Fla. L. Weekly D1216 (Fla. 3d DCA May 31, 2017) ("[W]e read *Atwell* to reject the notion that Florida's current parole scheme provides the individualized consideration of a defendant's juvenile status required under *Miller*."); *Michel v. State*, 204 So. 3d 101, 101 (Fla. 4th DCA 2016) (certifying conflict with *Stallings v. State*, 198 So. 3d 1081 (Fla. 5th DCA 2016), and *Williams v. State*, 198 So. 3d 1084 (Fla. 5th DCA 2016), "to the extent that those decisions suggest that relief under *Atwell* is dependent on the defendant's presumptive parole release date.").[2]

We therefore remand for the trial court to conduct such proceedings as are necessary to determine whether Albritton was a juvenile at the time of the offense, and if so, to resentence him for his first-degree murder conviction pursuant to

---

[2] The conflict is under review by the Florida Supreme Court. *State v. Michel*, Case No. SC16–2187 (Fla. Jan. 18, 2017).

chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes. *See Atwell,* 197 So. 3d at 1050.

REVERSED and REMANDED with instructions.

WOLF, RAY, and BILBREY, JJ., CONCUR.