PER CURIAM.
Affirmed. See Reid v. State, 42 Fla. L. Weekly D1216, 1217, --- So.3d ----, ----, 2017 WL 2348615 (Fla. 3d DCA May 31, 2017)[1] ("[W]e read Atwell[ v. State, 197 So.3d 1040 (Fla. 2016) ] to reject the notion that Florida's current parole scheme provides the individualized consideration of a defendant's juvenile status required under Miller[ v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) ]. Since Atwell, and applying its holding, we have reversed trial court orders denying Miller postconviction claims even where, as in Reid's case, the presumptive parole release date was within the defendant's lifetime.") (Citations omitted); Carter v. State, 215 So.3d 125, 127 (Fla. 3d DCA 2017)[2] ("Notwithstanding the fact that he will be reevaluated for the possibility of parole in 2022, we conclude the defendant is correct and that he is entitled to resentencing under sections 775.082(3)(c) and 921.1401.").

The Florida Supreme Court has stayed the proceedings in Reid pending disposition of Franklin v. State, No. SC14-1442. See State v. Reid, SC17-1377.

The Florida Supreme Court has stayed the proceedings in Carter pending disposition of Franklin v. State, No. SC14-1442. See State v. Carter, SC17-768.