DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERT STAFFORD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1532

[December 5, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case No. 93-18389 CF10B.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION TO LIFT THE STAY OF MANDATE

PER CURIAM.

We initially issued an opinion in this case reversing the trial court's order denying Appellant's motion for postconviction relief and remanding for resentencing pursuant to *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016). We cited our opinion in *Michel v. State*, 204 So. 3d 101 (Fla. 4th DCA 2016) and certified conflict with *Stallings v. State*, 198 So. 3d 1081 (Fla. 5th DCA 2016) and *Williams v. State*, 198 So. 3d 1084 (Fla. 5th DCA 2016). Thereafter, we granted a stay of mandate pending the disposition of the conflict. The Florida Supreme Court subsequently quashed our opinion in *Michel*. *See State v. Michel*, 43 Fla. L. Weekly S298 (Fla. July 12, 2018). Appellant has now filed a motion to lift the stay of mandate and reinstate our opinion following the dictates of *Atwell*. In response, the State requests that we withdraw our *Michel* opinion and affirm the trial court's summary denial of Appellant's motion for postconviction relief.

We agree with the State and now lift our stay of mandate and withdraw our prior opinion in the instant case. We affirm the trial court's summary

denial of Appellant's motion for postconviction relief pursuant to the supreme court's opinion in *Michel*. *See also Franklin v. State*, 43 Fla. L. Weekly S556 (Fla. Nov. 8, 2018) (reaffirming that *Atwell* is no longer good law and that Franklin's three 1,000-year concurrent sentences *with the possibility of parole* did not violate the Eighth Amendment of the United States Constitution or the United States Supreme Court's decisions in *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012)).

*Prior opinion withdrawn; affirmed.*

CIKLIN, CONNER and FORST, JJ., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***

2