IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 18, 2019

LARRY MARSHALL, )
)
   Appellant, )
)
v. )  Case No. 2D16-1095
)
STATE OF FLORIDA, )
)
   Appellee. )
_____)


BY ORDER OF THE COURT:


   Upon consideration of the motion for rehearing filed by the appellant on July 11, 2019,

   IT IS ORDERED that the appellant's motion for rehearing is denied.  The order dated June 28, 2019, is withdrawn and the attached order is substituted therefor.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

LARRY MARSHALL,          )
                               )
          Appellant,      )
                               )
v.                          )      Case No. 2D16-1095
                               )
STATE OF FLORIDA,     )
                               )
          Appellee.       )
_____)

Opinion filed October 18, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Highlands County; Peter F. Estrada,
Judge.

Howard L. Dimmig, II, Public Defender,
and Robert A. Young, General
Counsel, and Howardene Garrett,
Assistant Public Defender, Bartow, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa, for
Appellee.

**ORDER ON MOTION TO ENFORCE MANDATE**

PER CURIAM.

        Larry Marshall has filed a motion to enforce this court's mandate in

Marshall v. State, 214 So. 3d 776 (Fla. 2d DCA 2017).  We deny Marshall's motion

because an intervening supreme court decision establishes that our opinion is no longer correct.

Marshall was sentenced in 1976 to ninety-nine years in prison with the possibility of parole for nonhomicide offenses he committed when he was a juvenile. In 2015, he filed a postconviction motion asserting that his sentence was a de facto life sentence and therefore unconstitutional under the supreme court's reasoning in Henry v. State, 175 So. 3d 675 (Fla. 2015). The postconviction court denied the motion, but this court reversed and remanded for resentencing, holding that "it follows from Henry and Atwell [v. State, 197 So. 3d 1040 (Fla. 2016),] that a nonhomicide juvenile offender's term-of-years sentence with the possibility of parole can violate the Eighth Amendment." Marshall, 214 So. 3d at 779. But before Marshall was resentenced, the supreme court concluded that Atwell was wrongly decided. See Franklin v. State, 258 So. 3d 1239, 1241 (Fla. 2018); see also State v. Michel, 257 So. 3d 3, 6 (Fla. 2018). As a result, the postconviction court granted the State's motion to deny resentencing.

A trial court's role in carrying out an appellate court mandate is purely ministerial, and it may not deviate from the terms of the mandate. Rodriguez v. State, 924 So. 2d 985, 986 (Fla. 2d DCA 2006). However, a

> clear example of a case in which an exception to the general rule [binding the parties to the law of the case] should be made results from an intervening decision by a higher court contrary to the decision reached on the former appeal, the correction of the error making unnecessary an appeal to the higher court.

Strazzulla v. Hendrick, 177 So. 2d 1, 4 (Fla. 1965); see also Trotter v. State, 690 So. 2d 1234, 1237 (Fla. 1996) ("An intervening act of the legislature refining a portion of Florida's death penalty statute may be sufficiently exceptional to warrant modification of

the law of the case."); <u>Morales v. State</u>, 580 So. 2d 788, 788 (Fla. 3d DCA 1991) (denying defendant's motion to enforce mandate because the prior opinion had been superseded by intervening supreme court decisions).  Because our reasoning in <u>Marshall</u> has been superseded by the supreme court in <u>Franklin</u>, we deny Marshall's motion to enforce mandate.

Motion to enforce mandate denied.


KHOUZAM, C.J., and KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.